# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA

2013 JUL 29 PH 1:5~

U.S. ...
FOR THE NOR...
OF INDIANA DISTRICT

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 3:13:CV-00163-TLS-CAN |
| HAI NGUYEN, | ) | |
| Defendant. | ) | |

## DEFENDANT'S FIRST ANSWER TO PLAINTIFF'S COMPLAINT

I, Hai Nguyen ("Defendant"), am the defendant in this case. I am representing myself *pro se* in this matter before the Court. I understand that *pro se* litigants are required to follow the same rules and procedures as litigants that are represented by attorneys as seen in *Nielson v. Price*, 17 F.3d 1276 (10th Cir. 1994). I will abide by these rules and procedures, but ask the courts indulgence as I am not a lawyer. I hereby answer the Complaint of Plaintiff Malibu Media, LLC ("Plaintiff") as follows:

### Introduction

1. Defendant avers that Paragraph 1 of the Complaint makes legal conclusions that do not require a response, except that Defendant agrees that Plaintiff is seeking relief under the Copyright Act (Title 17 U.S.C. § 101 et seq).
2. Defendant denies the Plaintiff's allegations in Paragraph 2.
3. Defendant denies the Plaintiff's allegations in Paragraph 3, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

### Jurisdiction and Venue

4. Defendant denies the Plaintiff's allegations in Paragraph 4, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

5. Defendant denies the Plaintiff's allegations in Paragraph 5, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

6. Defendant denies the Plaintiff's allegations in Paragraph 6, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

## Parties

7. Defendant denies the Plaintiff's allegations in Paragraph 7, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

## Factual Background

8. Defendant denies the Plaintiff's allegations in Paragraph 9, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

9. Defendant denies the Plaintiff's allegations in Paragraph 10. Plaintiff incorrectly states that BitTorrent prevents normal Digital Millennium Copyright Act (DMCA) take down notices from being issued by copyright owners. ISPs receive DMCA take down notices from copyright owners on a daily basis. Plaintiff should have sent a DMCA take down notice to Defendant's ISP as soon as the offending IP address was noted by its technical monitoring personnel on 12 October 2012 (Exhibits A & B of complaint). The ISP would have forwarded the DMCA take down notice to defendant as a normal course of its legal requirement to maintain its "safe harbor" status in accordance with the Online Copyright Infringement Liability Limitation Act. Plaintiff instead chose to allow this alleged infringement activity to persist without taking any reasonable protective steps to limit it.

10. Defendant denies the Plaintiff's allegations in Paragraph 11, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

11. Defendant denies the Plaintiff's allegations in Paragraph 12, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

12. Defendant denies the Plaintiff's allegations in Paragraph 13, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

13. Defendant denies the Plaintiff's allegations in Paragraph 14, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

14. Defendant denies the Plaintiff's allegations in Paragraph 15, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

15. Defendant denies the Plaintiff's allegations in Paragraph 16.

16. Defendant denies the Plaintiff's allegations in Paragraph 17. IPP Limited allegedly downloaded one or more bits from "Defendant". This is factually incorrect, as the public IP (67.162.91.78) is ONLY a series of numbers which is assigned to an ISP subscriber by the ISP. The public IP address on its own does not equal a person or culpability for some action. Additional investigative effort is required to identify the actual infringer.

17. Defendant denies the Plaintiff's allegations in Paragraph 18, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

18. Defendant denies the Plaintiff's allegations in Paragraph 19. IPP Limited allegedly downloaded one or more bits from "Defendant". This is factually incorrect, as the public IP (67.162.91.78) is ONLY a series of numbers which is assigned to an ISP subscriber by the ISP. The public IP address on its own does not equal a person or culpability for some action. Additional investigative effort is required to identify the actual infringer. It should also be noted that simply downloading "one or more bits" from a public IP address does not constitute evidence of downloading/sharing the entire movie (or a substantial part of it).

19. Defendant denies the Plaintiff's allegations in Paragraph 20, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

20. Defendant denies the Plaintiff's allegations in Paragraph 21, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

21. Defendant denies the Plaintiff's allegations in Paragraph 22. As previously stated, the public IP address assigned to defendant by the ISP in no way identifies an offender or equals culpability. Plaintiff incorrectly claims Defendant is guilty based only on this fallacy. Plaintiff also claims the movies they identified in their "enhance surveillance" efforts (Exhibit C to the complaint) are provided as evidence. Plaintiff FAILS to provide any prima facie evidence to substantiate the inference that these movies are being illegally shared, that the movies are registered with the U.S. Copyright Office, who is the copyright owner, or who the true infringer is.

22. Defendant denies the Plaintiff's allegations in Paragraph 23. Plaintiff can only state that defendant is "the most likely infringer" based on the fact that he pays for the Internet service. Plaintiff has done NO further investigative efforts to get past "the most likely infringer" fallacy and attempt to identify the true infringer. The exculpatory evidence letter (Exhibit D to the complaint) mentioned by the Plaintiff does not even ask defendant to deny the allegations, the most straightforward exculpatory evidence available.

23. Defendant denies the Plaintiff's allegations in Paragraph 24. Since Plaintiff's agents identified the public IP address associated to Defendant, they have conducted NO additional investigative work to identify the actual infringer. This lack of due diligence is the reason Plaintiff can claim Defendant is the only person who can be identified at this time.

**Miscellaneous**

24. Defendant denies the Plaintiff's allegations in Paragraph 25, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

25. Defendant denies the Plaintiff's allegations in Paragraph 26, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

### COUNT I

26. Defendant reaffirms the answers he provided in paragraphs 1-26.

27. Defendant denies the Plaintiff's allegations in Paragraph 28, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

28. Defendant denies the Plaintiff's allegations in Paragraph 29.

29. Defendant denies the Plaintiff's allegations in Paragraph 30, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

30. Defendant denies the Plaintiff's allegations in Paragraph 31.

31. Defendant denies the Plaintiff's allegations in Paragraph 32. It is irresponsible for Plaintiff to allege "willful" infringement based only on an investigative lack of due diligence that could only suggest that Defendant was "the most likely infringer".

### Defenses

### FIRST DEFENSE

### DECLATORY JUDGEMENT

32. Plaintiff incorrectly alleges that Defendant willfully infringed their exclusive rights under United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

33. Defendant has not infringed the copyrights of Plaintiff nor violated any exclusive rights held by Plaintiff under the aforementioned statutes. <u>Defendant does not nor has never owned a computer with a BitTorrent client installed on it as alleged by Plaintiff in the Complaint</u>. Thus, the defendant denies the allegations of copyright infringement raised by Plaintiff.

34. Defendant is entitled to a declaration as a matter of law that Defendant has not infringed any of the exclusive rights alleged to be held by Plaintiff.

### SECOND DEFENSE

### Rule 12(b)(6), Fed. R. Civ. P.

35. Defendant argues that Plaintiff has failed to state a sufficient factual basis to constitute a cause of action on either count, and therefore requests a dismissal of Plaintiff's Complaint.

36. Because Plaintiff is unable to demonstrate the Defendant committed a volitional act of infringement, Plaintiff is wrongfully suing Defendant.

37. Plaintiff is unable to prove that Defendant's alleged activities even constituted an act of infringement because it cannot be demonstrated based on the evidence provided that the Defendant made a complete copy of the work alleged by Plaintiff.

### THIRD DEFENSE

### De Minimis Non Curat Lex

38. Defendant submits that Plaintiff's claim for copyright infringement is barred by the doctrine of de minimis non curat lex (the law cares not for trifle) or *de minimis* use.

39. Any infringing activity using Defendant's Internet connection was momentary at best, and Plaintiff's lacks evidence as to the extent and duration of the alleged infringing activity and whether it was proximately or indirectly caused by Defendant.

### FOURTH DEFENSE

### Failure to Mitigate Damages

40. Plaintiff has made no attempt to mitigate any actual or perceived damages, which Defendant expressly denies; therefore, Defendant requests dismissal of Plaintiff's Complaint because Plaintiff has failed to take the reasonable and necessary steps to mitigate any damages.

### FIFTH DEFENSE

### Innocent Infringement

41. Notwithstanding any other defenses disclosed herein or without admitting any conduct alleged by Plaintiff, if Defendant is found liable for infringing Plaintiff's copyrighted material, then Defendant requests that the Court waive or eliminate damages because Defendant constitutes an innocent infringer under the law because other unknown personnel used his Internet connect without his knowledge or consent, thus his actions were not "willful" and he acted in good faith.

### SIXTH DEFENSE

### Barring of Statutory Damages and Attorney's Fees

42. Plaintiff's claim for statutory damages is barred by the U.S. Constitution. Amongst other rights, the Fifth Amendment right to due process bars Plaintiff's claim. As the Supreme Court has held, due process will prohibit an award of statutory damages meeting or exceeding a proportion of ten times or more actual damages. See State Farm Mutual Automobile Insurance Co., v. Campbell, 528 U.S. 408, 123 S. Ct. 1513, 1524 (2003); see also Parker v. Time Warner Entertainment Co., 331 F.3d 13, 22 (2nd Cir. 2003); In Re Napster, Inc., 2005 WL 1287611, 377 F. Supp. 2d 796, 77 U.S.P.Q.2d 1833, (N.D. Cal. 2005). In fact, an award of statutory damages at four times actual damages "might be close to the line of constitutional impropriety." *Id*. If all of Plaintiff's settlements for

infringement of the works in question are added together, the damages likely exceed beyond maximum allowed by the copyright statute.

## SEVENTH DEFENSE

### Failure to Join an Indispensable Party

43. Defendant asserts the affirmative defense of failure to join an indispensable party, in that Defendant did not engage in any of the downloading and/or infringement alleged by Plaintiff. Defendant was simply the ISP subscriber responsible for paying for Internet access (ISP subscriber) and not the infringer of the Plaintiff's works. Plaintiff failed to conduct any significant investigation to truly identify the individual(s) who allegedly engaged in the downloading/sharing in question and who is/are indispensable parties pursuant to Rule 12(b)(7) and 19 of the Federal Rules of Civil Procedure. Plaintiff has simply collected public IP addresses, identified who paid for the Internet service (ISP subscriber), and then sued them in an effort to obtain a settlement for thousands of dollars. For failing to join the indispensable party, Plaintiff's complaint should be dismissed with prejudice as to Defendant.

## EIGHTH DEFENSE

### Communication Decency Act

44. As Defendant stated he did not infringe upon Plaintiff's work and other unknown personnel are responsible, Communication Decency Act (DCA), 47 U.S.C., section 230, immunizes ISPs and their subscribers from causes of actions stemming from the action of a third party (unknown infringer).

## NINTH DEFENSE

### License, Consent, and Acquiescence

45. Plaintiff's claims are barred by Plaintiff's implied license, consent, and acquiescence to Defendant because Plaintiff authorized use via BitTorrent.

## TENTH DEFENSE

### Unclean Hands

46. Plaintiff's claims are barred by the doctrine of unclean hands.

## ELEVENTH DEFENSE

### Injunctive Relief

47. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate nor is it irreparable.
48. Pursuant to FRCP Rule 11, all possible defenses and affirmative defenses may not have been alleged herein insofar as sufficient facts are not yet available after reasonable inquiry upon the filing of Defendant's answer to the present Complaint, and therefore,

Defendant reserves the right to amend its answer to allege additional defenses and affirmative defenses, if subsequent investigation reveals the possibility for additional defenses.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant having fully answered and pled to the causes of actions herein, Defendant requests a jury trial on the claims herein insofar as they can be properly heard by a jury and an order granting the following relief:

       a.  A judgment in favor of Defendant denying Plaintiff's requested relief and dismissal of Plaintiff's Complaint with prejudice by this court.

DATED: 07/28/2013

Respectfully submitted,

HAI NGUYEN

By: _____

Hai Nguyen
315 15th Street
Logansport, IN 46947
Tel: (574) 398-1730
Email: longhai@nyc.com

## CERTIFICATE OF SERVICE

I hereby certify that on 07/29/2013, I served a copy of the foregoing document, via U.S. Mail, on:


**Plaintiff's Attorney**

**Paul J. Nicoletti, Esq.**
**NICOLETTI & ASSOCIATES, PLLC**
**36880 Woodward Ave, Suite 100**
**Bloomfield Hills, MI 48304**


DATED: 07/28/2013


Respectfully submitted,

HAI NGUYEN


By: _Hai Nguyen_
Hai Nguyen
315 15th Street
Logansport, IN 46947
Tel: (574) 398-1730
Email: longhai@nyc.com