UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Case No. 3:13-cv-00163-TLS-CAN |
| v. | ) |
| HAI NGUYEN, | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO DISMISS THE CASE WITH PREJUDICE**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 41 hereby moves for the entry of an order dismissing the case with prejudice, and states:

"[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Permitting a plaintiff to voluntarily dismiss an action without prejudice under Rule 41(a)(2) is within the sound discretion of the Court." *In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Products Liab. Litig.*, 199 F.R.D. 304, 305-06 (S.D. Ind. 2001). "[D]ismissal is not warranted if the defendant would suffer 'plain legal prejudice' as a result of dismissal." *Id*. citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988). In the Seventh Circuit, to determine whether legal prejudice to a party will result, courts should consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and [whether] a motion for summary judgment has been filed by the defendant." *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988), quoting *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir.

1

1969). "The court need not resolve each and every factor in favor of the moving party in order to dismiss without prejudice." *Stidam v. Ryder Truck Rental, Inc.*, 2001 WL 699873 at *1 (S.D. Ind., 2001).

Here, Defendant will not face any legal prejudice. Indeed, following the entry of an order dismissing this case *with* prejudice, Plaintiff will be precluded from suing Defendant for these infringements. This benefits, as opposed to harms, Defendant. Further, there are no counterclaims and Defendant has not propounded any discovery. Consequently, there is no possible way Defendant can be harmed by the entry of an order dismissing Plaintiff's claim against him. Plaintiff's lawsuit was sufficient in fact and law and brought in good faith.

WHEREFORE, Plaintiff respectfully requests this Court enter an order dismissing Plaintiff's claims against Defendant with prejudice.

Dated: April 29, 2014

          Respectfully submitted,

          NICOLETTI LAW, PLC

By:   /s/ *Paul J. Nicoletti*
      Paul J. Nicoletti, Esq. (P44419)
      33717 Woodward Avenue, #433
      Birmingham, MI 48009
      Tel: (248) 203-7800
      E-Fax: (248) 928-7051
      Email: pauljnicoletti@gmail.com
      *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 29, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF service. Service of this document was perfected on upon all counsel of record and interested parties through this system. If a party is *Pro Se*, a copy this document has been mailed to the persons set forth on the service list.

                                      By:      /s/ *Paul J. Nicoletti*

## SERVICE LIST

Hai Nguyen  
315 15th Street  
Logansport, IN 46947